**James ROSS, Plaintiff,**

v.

**David YOUNG, et al., Defendants.**

**No. 89–1146–C–5.**

United States District Court,
E.D. Missouri, E.D.

May 22, 1990.

James Ross, pro se.

Gary L. Gardner, Asst. Atty. Gen., Jefferson City, Mo., for State and Mitchell.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff, a former inmate at the Farmington Correctional Center, filed this action against defendants pursuant to 42 U.S.C. § 1983. Defendant David Young is a probation and parole officer. Defendant William Smull is Young's unit supervisor. Defendant Cranston Mitchell is the chairman of the Missouri Board of Probation and Parole.[1] Plaintiff alleges that his constitutional rights under the Eighth and Fourteenth Amendments were violated when plaintiff was denied bail after being returned to custody for an alleged parole violation pending a final parole revocation hearing. This cause is before the Court on defendant David Young's motion for summary judgment.

Courts have repeatedly recognized that summary judgment is a harsh remedy which should only be granted when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Life Insurance Co. v. Null*, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *City of Mt. Pleasant, Iowa v. Assoc. Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia*

---

1. Plaintiff also named the State of Missouri as a defendant in this action. The State of Missouri, however, is immune from suit in this action under the Eleventh Amendment.

*Broadcasting System,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *City of Mt. Pleasant, supra,* 838 F.2d at 273. Once the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the non-moving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that can logically be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the non-moving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

On October 3, 1988 plaintiff was paroled from his four-year sentence for receiving stolen property. While on parole plaintiff tested positive for marijuana on December 20, 1988 and December 24, 1988. On December 30, 1988 Young issued a parole violation warrant for violations of condition #6 (possession or use of controlled substance) and condition #9 (special conditions—failure to successfully complete the PMI program) of plaintiff's parole. On December 30, 1988 plaintiff was arrested under authority of the warrant and held in the jail in Boone County, Missouri.

On January 3, 1989 Young conducted a parole violation interview with plaintiff and gave him the booklet "Rights of an Alleged Violator to Preliminary and Revocation Hearings". Plaintiff then signed a waiver of his right to a preliminary hearing. During this interview plaintiff admitted to Young that while on parole he had smoked marijuana several times and had brought a bottle of whiskey into the halfway house where he resided. Plaintiff requested bail pending his revocation hearing. Young denied plaintiff's request.

On January 4, 1989 Young prepared an Initial Violation Report in which he recommended that plaintiff's parole be revoked. Young and Smull both signed this report. On January 11, 1989 the Missouri Board of Probation and Parole issued an Order for Arrest and Return, and on January 12, 1989, plaintiff was received back into the custody of the Missouri Department of Corrections and Human Resources. On January 25, 1989 plaintiff made a written request for a revocation hearing, which was held on February 14, 1989. After the hearing plaintiff's parole was revoked and an new parole date of December, 1989 was set.

> Mo.Rev.Stat. § 217.720 provides, in part, Pending [a final parole revocation hearing], upon any charge of violation, the offender shall remain in custody or incarcerated without consideration of bail.

Plaintiff does not allege that Mo.Rev.Stat. § 217.720 was violated. Instead, plaintiff alleges that Mo.Rev.Stat. § 217.720, which makes no provision for releasing alleged parole violators on bail, violates his constitutional rights under the Eighth and Fourteenth Amendments. The Eighth Circuit Court of Appeals has not addressed the constitutionality of a state statute which blanketly denies bail to parolees who are arrested for alleged parole violations. In *Faheem-el v. Klincar,* 841 F.2d 712 (7th Cir.1988), the Seventh Circuit Court of Appeals analyzed the constitutionality of a similar Illinois statute and held that the blanket denial of bail did not violate either the Eighth or Fourteenth Amendment rights of the parolee arrested for an alleged parole violation. The *Faheem-el* court addressed with great thoroughness the constitutionality of the Illinois' statute. In light of the similarities between the Missouri and Illinois statutes, this Court will

not restate the *Faheem-el* opinion but instead adopts the holding of the *Faheem-el* court that parolees have no Eighth Amendment or Fourteenth Amendment right to consideration for bail pending the outcome of a parole revocation hearing.

In sum, the Court concludes that the Mo.Rev.Stat. § 217.720, which blanketly denies bail to parolees arrested for alleged parole violations, does not violate the Eighth Amendment Excessive Bail Clause or the Fourteenth Amendment Due Process Clause. The Court grants defendant Young's motion for summary judgment, and enters judgment in favor of defendants and against plaintiff on the merits of plaintiff's complaint.